UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. )     No. CR-22-275-001-F
)
NEMORY ZAHID RAMOS CASTRO, )
)
    Defendant. )

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S 18 U.S.C. § 3582(c)(2) MOTION FOR
SENTENCE REDUCTION PURSUANT TO AMENDMENT 821**

In this case, the United States asks this Court to deny the defendant's
motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and
Amendment 821 (Doc. 64) because the defendant, Nemory Zahid Ramos
Castro, is ineligible. Specifically, the defendant possessed a firearm during
the offense, which excludes him from eligibility for a sentence reduction as a
zero-point offender.

## Facts

On January 5, 2023, the defendant pleaded guilty to two counts of
making false statements during the purchase of a firearm, in violation of 18
U.S.C. § 922(a)(6). Docs. 44–46. On March 31, 2023, the United States
Probation Office released its revised presentence investigation report (PSR).
Doc. 52. The PSR recommended a base offense level of 20, plus (1) a two-

point enhancement because the offense involved four firearms, and (2) a four-point enhancement because the defendant possessed or transferred any firearm with knowledge, intent, or reason to believe that it would be transported out of the United States, for an adjusted offense level of 26. *Id.* ¶¶ 33–35, 39. After a three-level reduction for acceptance of responsibility, the total offense level was 23. *Id.* ¶¶ 41–43.

The defendant had a criminal history score of zero, which established a criminal history category of I. *Id.* ¶¶ 47–48. Combining the defendant's total offense level of 23 and criminal history category of I, the PSR recommended a guideline range of 46 to 57 months' imprisonment. *Id.* ¶ 86. The defendant objected to one item in the PSR. *Id.* at 20.

On May 4, 2023, this Court adopted the PSR without change, varied downward, and sentenced the defendant to 30 months' imprisonment. Docs. 60, 62 at 2, 63 at 1.

On April 26, 2024, the defendant filed a Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821). Doc. 64.

**<u>Discussion</u>**

**A.    The law.**

Federal courts generally lack authority to modify a defendant's sentence except where Congress expressly authorizes it. *See Dillon v. United*

*States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). But Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[.]" 18 U.S.C. § 3582(c)(2).

The Supreme Court explained that § 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Congress has given the Commission the authority to determine "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). Exercising that authority, the Commission has limited the district court's ability to reduce a sentence under § 3582(c)(2) to not "less than the minimum of the amended guideline range," except where the defendant previously received a lower sentence based upon the government's motion to reflect the

defendant's substantial assistance to authorities.  USSG § 1B1.10(b)(2)(A)–
(B).  *See Dillon*, 560 U.S. at 827.

**B.     Application of the law.**

Amendment 821 (Part B) applies to certain defendants with zero criminal history points and reduces the guideline range by two offense levels. *See generally* USSG § 4C1.1.  To be eligible for a reduction as a zero-point offender, the defendant must meet ten criteria.  *Id*. § 4C1.1(a).  While the defendant does have zero criminal history points, he does not meet all ten criteria.

USSG § 4C1.1(a)(7) states that for a defendant to be eligible for a reduction, he must "not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."  Here, the defendant's conduct involved four firearms in connection with the offense.  PSR ¶¶ 22–23, 25–26, 34.  Because the defendant does not meet all ten criteria, specifically USSG § 4C1.1(a)(7), the defendant is ineligible for a sentence reduction.  *See* USSG § 1B1.10 cmt. n.7; *see also* USSG § 4C1.1(a).

4

## Conclusion

For these reasons, the defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney


s/ JESSICA L. CÁRDENAS
Jessica L. Cárdenas
Bar Number: 82766 (Ohio)
Assistant U.S. Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (office)
(405) 553-8888 (fax)
jessica.cardenas@usdoj.gov

## Certificate of Service

This is to certify that on May 17, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and served the attached document by first-class mail on the following, who is not a registered participant of the ECF System:

Nemory Zahid Ramos Castro
#13281-510
FCI – Oakdale II
P.O. Box 5010
Oakdale, LA 71463


s/ Jessica L. Cárdenas
Assistant U.S. Attorney