## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-22-275-F |
| | ) | |
| NEMORY ZAHID RAMOS | ) | |
| CASTRO, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Nemory Zahid Ramos Castro, proceeding *pro se*, has filed a motion seeking a modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.[1]  Doc. no. 64.  Plaintiff United States of America has responded in opposition to the motion. Doc. no. 67.  The matter is at issue.

On January 5, 2023, defendant pleaded guilty, pursuant to a plea agreement, to Count 2 and Count 3 of the Superseding Indictment, charging defendant with making a false statement during the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6).  The Probation Office prepared a final presentence investigation report (doc. no. 52), which, after grouping Count 2 and Count 3 for sentencing guideline calculation purposes pursuant to U.S.S.G.[2] § 3D1.2(d), calculated defendant's base offense level at 20.  Defendant received a two-level enhancement under U.S.S.G.

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

§ 2K2.1(b)(1)(A) because his offense involved four firearms and a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(A) because he possessed and transferred a firearm with knowledge, intent, or reason to believe that it would be transported out of the United States, resulting in an adjusted offense level of 26. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 23.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I.  With a total offense level of 23 and a criminal history category of I, defendant's guideline imprisonment range was 46 months to 57 months.

At sentencing, the court adopted the final presentence investigation report without change.  The court varied downward and sentenced defendant to a term of imprisonment of 30 months as to each count to be served concurrently.  Judgment was entered on May 5, 2023.  Defendant did not file a direct appeal.

In his motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, <u>United States v. Battle</u>, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction.  If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 65), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

To be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria.  *See*, U.S.S.G. § 4C1.1(a).  One of those criteria is that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" U.S.S.G. § 4C1.1(a)(7).

As previously stated, defendant received a sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because his offense involved four firearms, and a sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(A) because he possessed and transferred a firearm with knowledge, intent, or reason to believe that it would be transported out of the United States.  Consequently, defendant does not meet all ten criteria and is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

Accordingly, defendant Nemory Zahid Ramos Castro's "Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821)" is **DISMISSED**.

IT IS SO ORDERED this 23rd day of May, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0275p009.docx